UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　Case No. 23-cr-200-pp

　　v.

DAMETRI HORTON,

　　　　　　Defendant.

**ORDER DENYING DEFENDANT'S LETTER REQUEST TO ATTEND FUNERAL (DKT NO. 132)**

**I.　　Letter Request to Attend Funeral (Dkt. No. 132)**

On June 22, 2026, the court received a letter request from the defendant asking "to have a fulo[ugh] to pay my respects at my brother's funeral[.]" Dkt. No. 132. The defendant did not explain when the funeral was to take place, or where. Nor did the defendant cite any statutory authority for a court to order the Bureau of Prisons ("BOP") to grant a furlough to an incarcerated person.

The court is not aware of any such authority. It is the Bureau of Prisons, not the court, that has the authority to grant furloughs. Under 18 U.S.C. §3622(a)(2), the BOP may release an incarcerated person for a limited period (not to exceed thirty days) to attend the funeral of a relative "if such release appears to be consistent with the purpose for which the sentence was imposed an any pertinent policy statement issued by the Sentencing Commissioner . . . , if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him . . . ." According to the regulations relating to 18 U.S.C. §3622,

1

to obtain a furlough, the incarcerated person must submit an application to the institution staff, who will review it for compliance with the regulations and BOP police. 28 U.S.C. §570.37(a). The incarcerated person will be notified of the warden's decision on the application, and may appeal if the warden denies the application through the BOP administrative remedies program. 28 U.S.C. §§570.37(b), (c).

So, the court cannot grant the defendant's request outright. Nor will it recommend the BOP consider the defendant's request. The defendant's motion asserts that his brother was "robbed and killed" on June 9, 2026. The defendant's letter request is dated June 15, 2026; the attached envelope has a stamp of June 17, 2026; and the court did not receive the letter until June 22, 2026. Id. The defendant did not provide any details as to the date, time or location of his brother's funeral but the court suspects that the funeral had already taken place by the time it received this request.

The court extends its condolences to Mr. Horton for the loss of his brother. Losing a brother means losing a best friend; it's hard enough when one is able to be present, but even more difficult when one cannot be. The court regrets that Mr. Horton and his family are suffering this loss and can understand his desire to be present, both to gain closure for himself and to be present for his family members. But the court cannot grant his request.

## II. Letter Concerning Representation on Appeal (Dkt. Nos. 133 & 134)

The court received two additional letters from the defendant, one on June 23, 2026 (Dkt. No. 133) and one on June 26, 2026 (Dkt. No. 134). The letters

2

are substantially the same: the defendant states that he received a letter from the court of appeals stating that his lawyer was to meet him immediately and start his appeal, but that the defendant has not heard from his lawyer. Dkt. Nos. 133, 134.

The defendant's case currently is on appeal. See USA v. Dametri Horton, Case No. 26-1253 (7th Cir.). This means that the Seventh Circuit Court of Appeals—not this court—has the power over his case. The Seventh Circuit Court of Appeals sets the briefing and argument schedules for the appeal.

From viewing the Seventh Circuit's publicly available docket, the defendant's issues may now be resolved. The defendant has been represented on appeal by Attorney Johanna M. Christiansen since April 2026. Id. at Dkt. No. 6. On June 23, 2026 (about a week after the defendant dated his letters to this court), Attorney Christiansen moved for an extension of time to file the defendant's appellate brief; the Seventh Circuit granted that motion. Dkt. Nos. 7, 8. The defendant's appellate brief is due July 31, 2026. Hopefully, the request for an extension of time means that the defendant and his appellate counsel have discussed his appeal. But to the extent the defendant's issues with his appellate attorney continue, he must inform the Seventh Circuit, not this court.

## III. Conclusion

The court **DENIES** the defendant's letter request for a furlough. Dkt. No. 132.

Dated in Milwaukee, Wisconsin this 20th day of July, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**

4